UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON-MICHAEL DOUGHERTY,<br>2412 Observatory Place, N.W.<br>Washington, D.C. 20007<br><br>Plaintiff,<br><br>v.<br><br>GOITOM GHILAMICAEL WELDEMICAEL<br>5206 Dunleigh Drive<br>Burke, Virginia 22015<br><br>Defendant. | Case No. _____ |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Jon-Michael Dougherty ("Plaintiff" or "Mr. Dougherty") and for his Complaint against Defendant Goitom Ghilamicael Weldemicael ("Defendant") states as follows:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

2. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### PARTIES

4. Plaintiff Jon-Michael Dougherty is an adult citizen of the District of Columbia, residing at 2412 Observatory Place, N.W., Washington, D.C. 20007.

5. Defendant Goitom Ghilamicael Weldemicael is an adult citizen of the Commonwealth of Virginia, residing at 5206 Dunleigh Drive, Burke, Virginia 22015.

## FACTS

6. On June 7, 2018, at approximately 9:50 a.m., Mr. Dougherty was legally riding his bicycle eastbound in the 1700 block of H Street, N.W., in Washington, D.C.

7. D.C. Mun. Regs. tit. 18 § 1200.3 states that "operators of bicycles have the same rights as do operators of motor vehicles..." Accordingly, Mr. Dougherty had the right to travel on H Street, just as he would have that right had he been driving a car.

8. At the same time, Defendant was also traveling eastbound in the 1700 block of H Street, N.W., in Washington D.C., in a 2011 Toyota Camry, in the right center lane. At all relevant times, Defendant was acting in his capacity as a taxi driver, and was engaged in transporting paying passengers.

9. At the time of the incident, Mr. Dougherty was legally passing Defendant's vehicle on the right. *See* D.C. Mun. Regs. tit. 18 § 1201.3(b) and (c).

10. As Mr. Dougherty was passing Defendant's vehicle, and drew even with Defendant's right front passenger door, Defendant suddenly turned his vehicle sharply to the right, directly into Mr. Dougherty's path without ensuring that it was safe to make a lane change. Upon information and belief, Defendant was intending to drop off his paying passengers at the White House Hotel.

11. This complete disregard for the safety of everyone on the roadway resulted in Defendant's vehicle violently striking Mr. Dougherty.

12. The entire incident was captured by a camera at a nearby business.

13. As is clear from the video and the collision, Defendant did not check to ensure it

was safe to move his vehicle to the right before he did so.

14.     When he was struck, Mr. Dougherty was thrown into the air from his bicycle and landed violently on the pavement.

15.     As a direct and proximate result of Defendant's tortious actions as aforesaid, Mr. Dougherty suffered severe and permanent injuries to numerous parts of his body, including but not limited to, injuries to his hands, fingers, chest, legs, and arms. Plaintiff was also left with permanent scarring as a result of the collision.

16.     At no time did Plaintiff act in a negligent manner, nor did he assume any risk.

**COUNT I**
**(Negligence and Negligence Per Se)**

17.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

18.     At all relevant times, Defendant owed Plaintiff, as another legal user of the public roadways, a duty of care to operate his vehicle in a safe and proper manner.

19.     At all relevant times herein, there was in effect in the District of Columbia 18 D.C.M.R. § 2213.4, which provides: "An operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle."

20.     18 D.C.M.R. § 2213.4 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and Defendant cannot offer an explanation as to his violation of such regulation, thereby rendering Defendant negligent *per se* (*i.e.*, as a matter of law).

21.     At all relevant times herein, there was in effect in the District of Columbia D.C. Code § 50–2201.04, which provides: "A person shall be guilty of reckless driving if the person

drives a vehicle upon a highway carelessly and heedlessly in willful or wanton disregard for the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger a person or property."

22.     D.C. Code § 50–2201.04 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and Defendant cannot offer an explanation as to his violation of such regulation, thereby rendering Defendant negligent *per se* (*i.e.*, as a matter of law).

23.     At all relevant times herein, there was in effect in the District of Columbia 18 D.C.M.R. § 2201.6(a), which provides: "Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all other rules consistent with this subtitle shall apply: (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that such movement can be made with safety."

24.     18 D.C.M.R. § 2201.6(a) was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and Defendant cannot offer an explanation as to his violation of such regulation, thereby rendering Defendant negligent *per se* (*i.e.*, as a matter of law).

25.     Defendant breached the aforesaid duties of care, breached the applicable standards of care, and was negligent and/or negligent *per se* in the following ways, *inter alia*:

(a)     Failure to pay full time and attention to the operation of his vehicle;

(b)     Failure to keep a proper lookout;

(c)     Failure to operate his vehicle safely;

(d)     Failure to maintain control of his vehicle;

    (e)    Failure to ensure it was safe to effect a lane change;

    (f)    Striking Plaintiff;

    (g)    Driving at a dangerous and reckless speed; and,

    (h)    Violating the above-listed local regulations without explanation.

26. Plaintiff's injuries were a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant.

27. Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

28. As a direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff suffered severe and permanent injuries, including but not limited to, injuries to his hands, fingers, chest, legs, and arms. Plaintiff was also left with permanent scarring as a result of the collision.

29. As a further direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff suffered and will continue to suffer physical and emotional pain and suffering.

30. Plaintiff's injuries continue to impact his life and will do so for the rest of his life.

31. As a further direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff has incurred approximately $25,000.00 in medical expenses to date.

32. Additionally, as a direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff will in the future continue to incur significant medical expenses, including, but not limited to, those costs associated with scar revision surgery.

33. As a further direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff was, and continues to be, prevented from pursuing his normal routine and

customary activities.

34. As a further direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff has been caused to undergo, and will undergo in the future, physical and mental pain and suffering.

35. For such injuries proximately resulting from the negligent acts and omissions of Defendant, Defendant is liable to Plaintiff for compensatory damages in the amount of Three Hundred Thousand Dollars ($300,000.00), which amount shall be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant, as follows: (1) compensatory damages in the amount of Three Hundred Dollars ($300,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

By: Peter C. Grenier, Esq., D.C. Bar #418570
Kenneth J. LaDuca, D.C. Bar #1031173
GRENIER LAW GROUP PLLC
1920 L Street, N.W., Suite 750
Washington, D.C. 20036
pgrenier@grenierlawgroup.com
kladuca@grenierlawgroup.com
Tel: (202) 768-9600
Fax: (202) 768-9604

Dated: February 21, 2019